# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Aida Soto, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 7955 |
| | ) | |
| Jefferson Capital Systems, LLC, a | ) | |
| Georgia limited liability company, Global | ) | |
| Acceptance Credit Company, LP, a | ) | |
| Texas limited partnership, and Dynia & | ) | |
| Associates, LLC, d/b/a Budzik & Dynia, | ) | |
| LLC, an Illinois limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Aida Soto, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Aida Soto ("Soto"), is a citizen of the State of Florida, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for an Aspire credit card, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Jefferson operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Global Acceptance Credit Company, LP ("Global"), is a Texas limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Global operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Global was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, Dynia & Associates, LLC, d/b/a Budzik & Dynia, LLC ("Budzik"), is an Illinois limited liability company, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its headquarters in Chicago, Illinois, Budzik operates a nationwide delinquent debt

collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Budzik was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Global and Jefferson are both bad debt buyers that acquires portfolios of defaulted consumer debts, which they then collect upon directly or through other collection agencies.

8. Each Defendant is authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants Jefferson, Global and Budzik each conduct extensive and substantial business in Illinois.

9. Defendants Global and Jefferson are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Jefferson and Global act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

10. Ms. Soto is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for an Aspire credit card. At some point in time, Defendant Jefferson bought/obtained Ms. Soto's delinquent debt, and when Defendant Jefferson began trying to collect the debt from her, by sending Ms. Soto a collection letter dated December 3, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her

financial difficulties and Defendants' collection actions. A copy of the December 3, 2010 collection letter is attached as Exhibit C.

11. Accordingly, on January 26, 2011, one of Ms. Soto's attorneys at LASPD informed Defendant Global, that Ms. Soto was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Soto was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Either Defendant Jefferson ignored this notification, or Defendant Global failed to provide this information to Jefferson. Either way, at some point in time, Defendant Jefferson bought the alleged Aspire debt and then had Defendant Budzik send Ms. Soto a collection letter, dated August 28, 2012, which demanded payment of the debt. A copy of this collection letter is attached as Exhibit E. If Global properly notified Jefferson, then it will be dismissed from this Complaint and, if not, it should be held liable for the other Defendants' subsequent actions.

13. Accordingly, on September 21, 2012, Ms. Soto's LASPD attorney again sent a letter, directing that Defendants cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Soto's agent/attorney, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Soto was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Soto was represented by counsel, and

had directed a cessation of communications with Ms. Soto. By directly sending a collection letter to Ms. Soto, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violations Of § 1692f Of The FDCPA --
## Use of Unfair or Unconscionable Collection Means

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

26. Defendant Global's failure to notify Defendants Jefferson and Budzik that the account was subject to a cease collections, cease communications and attorney representation, or Defendants Jefferson and Budzik's failure to take heed of that notice, constitutes unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Aida Soto, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Soto, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Aida Soto, demands trial by jury.

Aida Soto,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 4, 2012

David J. Philipps       (Ill. Bar No. 06196285)
Mary E. Philipps        (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com